Filed 11/22/24  P. v. Venegas CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083512 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN443896) |
| MAXIMO MUNOZ VENEGAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Anthony J. Campagna, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Maximo Munoz Venegas of carrying a concealed dirk or dagger (Pen. Code,[1] § 21310), two counts of resisting an officer (Pen. Code, § 148, subd. (a)(1)), and possession of drug paraphernalia (Health & Saf. Code, § 11368). The trial court later found true that Venegas had suffered a prior strike conviction. (§§ 667, subds. (b)-(i), 1170.12.) Venegas filed a *Romero* motion to dismiss the prior strike, which the trial court denied. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).) Venegas now appeals the trial court's denial of his *Romero* motion on the grounds that the trial court should have exercised its discretion to dismiss the strike under Penal Code section 1385, subdivision (c), and improperly applied the criteria set forth in *Romero*. We conclude that the trial court was not required to apply Penal Code section 1385, subdivision (c) in its evaluation of Venegas's *Romero* motion and that the court's denial of the motion was not an abuse of discretion. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In April 2023, Oceanside police encountered Venegas in the laundry room of an apartment complex following a call reporting a suspicious individual. Based on the suspicion that Venegas was under the influence of a controlled substance and his admission to possessing a weapon, the officer searched Venegas's backpack and located a machete and a fixed blade knife. Upon further search, the officer found a glass pipe in Venegas's pocket. The officer placed Venegas under arrest, but he pulled away and ran after being handcuffed. The officer and her partner successfully detained and arrested Venegas.

In May 2023, Oceanside police encountered Venegas again in a supermarket in response to a call reporting a person brandishing a weapon.

---

[1] Undesignated statutory references are to the Penal Code.

The officer witnessed Venegas holding a silver object and ordered him to stop. In response, Venegas ran away, prompting the officer to release his police dog. After a chase, the police dog apprehended and bit Venegas. Another officer struck Venegas with a baton and the officers successfully arrested him.

A consolidated information charged Venegas with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1) (count 1)), making a criminal threat (Pen. Code, § 422 (count 2)), resisting an officer (Pen. Code, § 148, subd. (a)(1) (counts 3 & 6)), harm to or interference with a police animal (Pen. Code, § 600, subd. (a) (count 4)), carrying a concealed dirk or dagger (Pen. Code, § 21310 (count 5)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a) (count 7)), and possession of paraphernalia used for narcotics (Health & Saf. Code, § 11364 (count 8)). Counts 1 through 4 pertained to the May incident. Counts 5 through 8 pertained to the April incident. The information further alleged that Venegas had suffered a prior conviction for a serious felony (Pen. Code, §§ 667, subd. (a)(1), 1192.7, subd. (c)) and a prior strike offense (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). Before jury selection, the People dismissed count 7 and the court renumbered count 8 as count 7.

A jury convicted Venegas of count 3 and counts 5 through 7. The jury failed to reach a verdict as to counts 1, 2, and 4, and the court declared a mistrial as to those counts. On the People's motion, the court dismissed counts 1, 2, and 4 in the interest of justice. In a separate trial, the court found true that Venegas had suffered a prior serious felony conviction and a strike prior in 2018. Venegas's prior strike conviction was for a residential burglary (§§ 459; 460, subd. (a); 667.5, subd. (c)(21)) in 2018. According to the

3

probation report, Venegas was on probation at the time he committed the prior strike offense.

At sentencing, Venegas moved to dismiss the strike prior in a *Romero* motion. In support of his motion, Venegas cited the remoteness of the prior 2018 strike offense, the relatively non-violent nature of the current offenses, the role drug addiction played in the commission of both the current offenses and the prior strike offense, the disproportionality of the potential punishment to the severity of the current offenses, and his willingness to rehabilitate himself. In their opposition, the People disagreed that a five-year old strike prior was remote in time and cited Venegas's overall lack of success in the past on probation and supervision. The trial court agreed with the People, and further observed that the circumstances surrounding the current offenses were similar enough to the prior strike offense to raise concern. The court accordingly denied Venegas's motion to dismiss the strike prior. The court sentenced Venegas to double the middle term of two years on count 5 for a total of four years, with 364 days on count 3, 364 days on count 6, and 180 days on count 7 to run concurrently to count 5.

## DISCUSSION

### I

Venegas first contends that the trial court abused its discretion in denying the *Romero* motion because it did not consider the mitigating factors set forth in section 1385, subdivision (c), particularly that "[t]he current offense is connected to mental illness" and "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(D), (H).) We conclude that this statutory provision does not apply to a *Romero* motion under the Three Strikes law.

4

Section 1385, subdivision (c) affords the trial court discretion to "dismiss an enhancement if it is in the furtherance of justice to do so . . . ." In exercising its discretion, the court must "consider and afford great weight" to the existence of any one or more of a list of mitigating circumstances, including that the current offense is connected to mental illness or that the enhancement is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(D), (H).) Any proof of at least one mitigating circumstance "weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).)

An "enhancement" is "an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 4.405(5); *Romero, supra*, 13 Cal.4th at pp. 526–527.) It is well-established that the Three Strikes Law is an alternative sentencing scheme, not an enhancement. (*Romero*, at p. 527.) "The Three Strikes Law is a penalty provision, not an enhancement . . . because it does not add an additional term of imprisonment to the base term. Instead, it provides for an alternative sentence . . . when it is proven that the defendant has suffered . . . prior serious felony convictions." (*People v. Williams* (2014) 227 Cal.App.4th 733, 744.) Accordingly, courts have uniformly held that section 1385, subdivision (c) does not apply to prior strike convictions because its plain language pertains only to enhancements. (See, e.g., *People v. Dain* (2024) 99 Cal.App.5th 399, 404 (*Dain*); *People v. Olay* (2023) 98 Cal.App.5th 60, 67 (*Olay*); *People v. Burke* (2023) 89 Cal.App.5th 237, 243 (*Burke*); cf. *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1156 [section 1385, subdivision (c) does not apply to the alternative sentencing scheme for aggravated trafficking of a minor under section 236.1 subdivision (c)].)

Venegas cites no contrary authority. In his opening brief, however, he urges us to diverge from this logic and hold that the trial court should have exercised its discretion under section 1385, subdivision (c) when it evaluated his *Romero* motion. Venegas contends that his issues with substance abuse and the five-year age of the prior strike should have been treated as circumstances in mitigation under subdivision (c) that weighed heavily in favor of dismissal of the prior strike. We decline Venegas's request to depart from the case law described above. Section 1385, subdivision (c)(1) plainly states that a trial court "shall dismiss an enhancement" if it finds dismissal is in the interest of justice. The Three Strikes Law is not an enhancement.

(*Dain, supra*, 99 Cal.App.5th at p. 404; *Olay, supra*, 98 Cal.App.5th at p. 67; *Burke, supra*, 89 Cal.App.5th at p. 243.) Therefore, the trial court was not required to apply section 1385, subdivision (c) in its evaluation of Venegas's motion to dismiss a prior strike conviction.

Venegas also argues in his reply brief that to exclude an alternative sentencing scheme such as the Three Strikes Law from the purview of section 1385, subdivision (c) would implicate the canon of statutory construction against surplusage. (*People v. Reynoza* (2024) 15 Cal.5th 982, 991 [courts should avoid statutory construction that would render any words in the statute extraneous].) Venegas points to section 1385, subdivisions (c)(1) and (c)(2)(G) as portions of section 1385 that would be rendered surplusage if the Three Strikes Law were excluded from its reach.

The *Olay* court has rejected this argument, and we find its reasoning persuasive. (*Olay, supra*, 98 Cal.App.5th at pp. 66–67, fn. 7.) Section 1385, subdivision (c)(1) precludes a court from dismissing an enhancement where "prohibited by any initiative statute." The legislative history shows that the Legislature included this language in anticipation of any future measures pertaining to enhancements. (*Olay*, at p. 66, fn. 7.) The appellant in *Olay* noted that section 1385, subdivision (c)(2)(G) provides for a circumstance in mitigation when a defendant "was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that trigger the enhancement" at issue. The appellant in *Olay* observed, and the court agreed, that there is no enhancement that can be triggered by a juvenile adjudication, but juvenile adjudications can be considered a prior strike conviction under the Three Strikes Law. (*Olay*, at p. 66.) However, the court rejected the appellant's argument that this must mean that the Legislature intended to include prior strike convictions in its

definition of enhancement.  (*Id*. at pp. 66–67.)  The court instead concluded, and we agree, that the Legislature would not have attempted to include prior strike convictions "in such a roundabout manner by obliquely referencing 'juvenile adjudications' " and that the Legislature would have said so explicitly if that was its intention.  (*Id*. at p. 67.)  The court also analyzed the legislative history and concluded that it "confirms the Legislature had no such intent."  (*Ibid*.)  For these reasons, we decline to depart from the well-reasoned conclusions of *Burke*, *Olay*, and *Dain* that section 1385, subdivision (c) does not apply to prior strikes.

## II

In the alternative, Venegas argues that section 1385, subdivision (c) notwithstanding, the trial court abused its discretion when it denied his *Romero* motion.  Again, we disagree.

Section 1385, subdivision (a) affords a court discretion to, in the furtherance of justice, "order an action to be dismissed."  In *Romero*, our Supreme Court held that section 1385, subdivision (a) "permit[s] a court . . . to strike prior felony conviction allegations in cases brought under the Three Strikes Law."  (*Romero, supra*, 13 Cal.4th at pp. 529–530.)  The *Romero* court emphasized that this discretion is limited, and " 'requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People . . . .  At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." ' "  (*Id*. at pp. 530–531, italics omitted.)  Our Supreme Court has also insisted that a prior strike should only be dismissed when a court deems a defendant to be "outside the spirit" of the Three Strikes Law.  (*People v. Williams* (1998) 17 Cal.4th 148, 163 (*Williams*).)  In making this determination, the court must consider "whether, in light of the nature and

8

circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Id*. at p. 161.)

We review a court's ruling on a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) The trial court is presumed to have considered all relevant factors in its decision on a *Romero* motion. (*People v. Brugman* (2021) 62 Cal.App.5th 608, 638; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 (*Myers*).) This presumption necessarily limits the circumstances in which a trial court will be found to have abused its discretion in deciding not to dismiss a prior strike conviction. (*Carmony*, at p. 378.) Such an abuse may be found, for example, where the court was not aware it had the discretion to dismiss a prior strike or considered impermissible factors in its decision. (*Ibid*.)

On the record before us, we cannot find that the trial court's denial of Venegas's *Romero* motion was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.) "Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance." (*Myers, supra*, 69 Cal.App.4th at p. 310.)

Here, the trial court explicitly stated that it considered the factors raised by Venegas in his motion. Specifically, in determining whether Venegas was outside the spirit of the Three Strikes Law, the court compared the nature of the current offense with the strike prior. According to his presentence probation report, when Venegas committed residential burglary

9

in 2018, Venegas entered someone else's apartment and was chased out by the inhabitants. When police apprehended him, he was found with drug paraphernalia on and near his person. Similarly, during the April 2023 incident, the police apprehended Venegas at nighttime in the laundry room of an apartment complex in which he did not reside, he appeared to be under the influence, and he was found with a glass pipe in his pocket.

Also of note in the trial court's *Romero* analysis was Venegas's past performance on probation and supervision. Venegas was granted probation for his prior strike conviction, but it was revoked after missing multiple appointments with his probation officer. Despite the reinstatement of probation that followed the first revocation, Venegas failed to comply with its conditions again when he tested positive for controlled substances and alcohol six months after reinstatement. This resulted in a second revocation for which Venegas received a prison sentence. After being paroled, Venegas failed again to remain law abiding and suffered a parole violation.

In these circumstances, it was well within the trial court's discretion to conclude that Venegas did not fall "outside the [Three Strikes] scheme's purpose" and should not "be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams, supra*, 17 Cal.4th at p. 163.) The court was well aware of its discretion and did not consider impermissible factors. It cited and relied on relevant factors going to "the nature and circumstances of [Venegas's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*Id.* at p. 161.) Because "the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law" (*Myers, supra*, 69 Cal.App.4th at p. 310), we find no abuse of discretion.

10

## DISPOSITION

The judgment is affirmed.

BUCHANAN, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.